# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RUTHE BOYKIN,**
**et al.,**

                          **Plaintiffs,**                **CIVIL ACTION**

**v.**                                               **No.  08-2249-CM-GLR**

**CFS ENTERPRISE, INC.,**
**et al.,**

                          **Defendants.**

## MEMORANDUM AND ORDER

In this removal action, Plaintiffs bring claims under the Kansas Consumer Protection Act, the Truth in Lending Act, and state law claims for fraud and misrepresentation against a car dealership and various financing lenders arising from the "Drive a Suzuki" promotional program offered to the public.  This matter is presently before the Court on Plaintiffs' Motion for Leave to File Amended Petition and Join Additional Parties (doc. 16).  Plaintiffs request leave to file their First Amended Petition, which seeks to add twenty-nine additional plaintiffs, four additional defendant lenders, and two additional counts.  Defendants CFS Enterprise, Inc. and Fifth Third Bank ("Defendants") have filed their memorandum in opposition to Plaintiffs' motion.  They do not object to the proposed amendment to the extent it seeks to add additional plaintiffs and defendants.  They do however oppose as futile the addition of a new theory of recovery for "negligent lending" against all of the lenders.  As discussed below, the motion is sustained.

**I.     Standard for Ruling on Motions to Amend**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial.  It provides that, after the time for amending the pleadings as a matter of course has passed, a party may amend its pleadings "only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."[1]  The decision whether to allow a proposed amendment after the permissive period is within the discretion of the court.[2]  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[3]

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[4]  The party asserting that the proposed claim is futile has the burden of establishing the futility of the proposed amendment.[5]  In determining whether amendment should be denied as futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[3] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[4] *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008).

[5] *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, Civ. A. No. 07-2463-JAR, 2008 WL 1867984, at *5 (D. Kan. Apr. 24, 2008).

[6] *Id.* at *5 (citing *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007)).

The Supreme Court has articulated a plausibility standard in determining whether a complaint can withstand a motion to dismiss for failure to state a claim.[7] Under the plausibility standard, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[8] The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not suffice.[9] The allegations in a complaint "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[10] The court must accept the facts alleged in the complaint as true, even if doubtful in fact,[11] and view all reasonable inferences from those facts in favor of the plaintiff.[12] The issue in resolving a motion to dismiss on the grounds that the complaint fails to state a claim is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[13]

## II.     Proposed Amendment

### A.     Adding plaintiffs and defendants

---

[7] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

[8] *Id*. at 1974.

[9] *Id.* at 1964-65.

[10] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008).

[11] *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007) (citing *Twombly*, 127 S. Ct. at 1965).

[12] *Id.* (citing *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006)).

[13] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Plaintiffs allege that since they commenced this action they have learned the identity of twenty-nine additional plaintiffs and four additional defendant lenders. They now seek leave to join these additional parties pursuant to Fed. R. Civ. P. 20(a). In support of their motion, they allege that all the additional plaintiffs' claims arise out of the same series of transactions involving the dealership's motor vehicle promotion scheme. The additional defendants to be joined share common issues of law and fact arising out of the same series of transactions. Defendants indicate in their response brief that they do not object to the proposed amendment to the extent it seeks to add additional plaintiffs and defendants. The Court will therefore sustain the motion to join additional plaintiffs and defendants.

### B.  Adding claim for negligent lending

Plaintiffs also move to add a Count IV for "negligent lending" against the lenders who allegedly financed their purchases of motor vehicles. Plaintiffs allege that defendant lenders engaged in multiple negligent lending practices that facilitated defendant CFS's motor vehicle promotion scheme. According to the proposed First Amended Petition, this scheme allegedly depended upon a willful and negligent failure by the defendant lenders to engage in rudimentary verification of the information submitted by CFS in support of its efforts to sell the retail sale contract to them. As a result of these practices, Plaintiffs allege that they have been damaged because of the loans extended to them. They allege they cannot be reasonably expected to repay the debt according to the terms of the loans and because of circumstances the lender should have discovered upon reasonable inquiry prior to the credit extension.

Defendants contend that Plaintiffs' proposed amendment to add a claim for negligent lending as Count VI should be rejected on the basis that it seeks to include a new theory of recovery that

does not state a cause of action under Kansas law. They argue that no reported decision by this Court or Kansas state courts has recognized a cause of action for "negligent lending," and the Kansas Supreme Court has historically declined to recognize similar types of claims, such as claims for negligent loan disbursement in *Daniels v. Army National Bank.*[14] Defendants further argue that the proposed amendment alleges no basis upon which any rational juror could find the existence of a special relationship between any of the Plaintiffs and defendant Fifth Third Bank or that it owed any fiduciary duty to Plaintiffs. Defendants assert that under Kansas law the mere existence of a creditor-debtor relationship does not qualify as a special relationship or impose fiduciary duties on the creditor that would give rise to a duty of care owed to Plaintiffs.

Plaintiffs argue that the opposition by Defendants is essentially a motion to dismiss a claim that has not yet been filed. They assert that the proposed amended pleading satisfies the requirements of Fed R. Civ. P. 8(a) and that there are a number of different theories upon which the independent liability of the lenders may be established, now generally described in Count IV as "negligent lending." Plaintiffs further argue that the lending practices of financial institutions are being re-examined in the wake of the current credit crisis. Plaintiffs believe that this examination will give new life to existing theories of liability and create new law imposing additional liability.

Defendants, as the party opposing the proposed amendment as futile, have the burden to show its futility.[15] Defendants have not yet met that burden. They assert that no reported decision by this Court or the Kansas state courts has recognized a cause of action for negligent lending. The cited cases, however, do not involve facts that are identical or substantially similar to the allegations

---

[14] 249 Kan. 654, 657, 822 P.2d 39, 42-43 (1991).

[15] *Rural Water Dist. No. 4,* 2008 WL 1867984, at *5.

of the proposed amended complaint in this case. The Court, accordingly, declines to deny an amendment merely for lack of a reported decision that allows a claim for negligent lending.[16] Defendants have not persuasively shown that the state courts of Kansas would necessarily refuse to recognize such a claim, were it asserted. In ruling on the motion to amend, the Court need not decide whether Plaintiffs will ultimately prevail on the claim. It instead considers whether they have alleged enough to offer evidence and proceed with it.

To recover for negligence under Kansas law, a plaintiff must prove the existence of a duty, breach of that duty, injury, and a causal connection between the duty breached and the injury suffered.[17] Whether a duty exists is a question of law.[18]

Actions alleging negligence by a lender have generally proved unsuccessful in Kansas because of the lack of a duty owed by the lender.[19] In *Daniels v. Army National Bank,*[20] the Kansas Supreme Court found the lender bank had no fiduciary duty to inspect a construction project even after being informed of substantial defects in the construction. The court based is finding on "the

---

[16] *See Mike v. Dymon, Inc.*, Civ. A. No. 95-2405-EEO, 1996 WL 389319, at *1 (D. Kan. July 1, 1996) (court declined to deny a motion to amend where the defendant argued that allowing the amendment would be futile because Kansas had not recognized the claim sought to be asserted by the plaintiff).

[17] *Hall v. Kan. Farm Bureau*, 274 Kan. 263, 279, 50 P.3d 495, 506 (2002).

[18] *Id.*

[19] *See Daniels v. Army Nat'l Bank*, 249 Kan. 654, 657, 822 P.2d 39, 42 (1991); *Jack v. City of Wichita*, 23 Kan. App. 2d 606, 614, 933 P.2d 787 (1997); *Sunflower Bank, N.A. v. Airport Red Coach Inn of Wichita, L.L.C.*, 175 P.3d 883, 2008 WL 360641, at *12 (Kan. App. Feb. 8, 2008) (unpub.); *Community Nat. Bank v. Nemo Dev., Inc.*, 124 P.3d 521, 2005 WL 3455457, at *1-2 (Kan. App. Dec. 16, 2005) (unpub.).

[20] 249 Kan. at 657, 822 P.2d at 42.

traditional rule [] that the lender-borrower relationship creates no special duty."[21] The court noted that it had followed this rule, imposing liability on financial institutions, only in those instances involving fraud and conflicts of interest.[22] The court agreed with the trial court's finding that the loan agreement did not impose a duty on the bank to inspect the construction site to protect the borrower's interest.[23] In *Jack v. City of Wichita*,[24] the Kansas Court of Appeals declined to impose a duty on a lender to advise its borrowers of the need for flood insurance, noting the "adversarial character" of the lender-borrower relationship. In *U.S. v. Wells*,[25] a District of Kansas case, the court rejected the argument that a lender had a duty to ensure that a written loan verification was submitted by another lender. The court noted "in ordinary lender-borrower situations, the relationship is a debtor-creditor relationship governed by the contract, and that additional tort duties of care will not be imposed."[26] Similarly, in another District of Kansas case, *Boyd v. U.S. Bank National Association*,[27] the plaintiff asserted a claim for negligent loan administration against a lender. The court found that the lender did not have a duty to monitor administration of the loan under the loan documents.[28]

---

[21] *Id.* (citing *Denison State Bank v. Madeira*, 230 Kan. 684, 695, 640 P.2d 1235 (1982)).

[22] *Id.*

[23] 249 Kan. at 657, 822 P.2d at 42.

[24] 23 Kan. App. 2d 606, 614, 933 P.2d 787, 793 (1997).

[25] No. 96-1028-JTM, 1998 WL 47799, at *4 (D. Kan. Jan. 30, 1998).

[26] *Id.*

[27] No. 06-2115-KGS, 2007 WL 2822518, at *14-15 (D. Kan. Sept. 26, 2007).

[28] *Id.* at *15.

Although negligence actions upon loan transactions have generally proved unsuccessful in Kansas because of the lack of a duty owed by lenders, the Court declines to conclude as a matter of law upon the facts alleged by Plaintiffs that the defendant lenders owed no duty of due care to Plaintiffs.  Accordingly, it will sustain the motion to allow Plaintiffs to file the proposed amended petition or complaint.  It does so without prejudice, however, to any subsequent dispositive motion to dismiss or summarily adjudicate the claim for negligent lending in Count IV upon grounds that it is futile.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion for Leave to File Amended Petition and Join Additional Parties (doc. 16) is sustained.  In accordance with D. Kan. Rule 15.1, Plaintiffs shall electronically file their proposed First Amended Petition **within ten (10) days of the date of this Memorandum and Order**.

**IT IS FURTHER ORDERED THAT** Plaintiffs shall serve summons and a copy of their First Amended Petition **within ten (10) days of the filing of the First Amended Petition** on newly added Defendants American Suzuki Financial Services, Wachovia Dealer Services, Inc., Capital One Auto Finance and Regional Acceptance Corporation.

Dated this 6th day of October 2008, at Kansas City, Kansas.

s/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
U.S. Magistrate Judge
